**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LAUREN ROOSA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-01919 (UNA) |
| | ) | |
| | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiffs' Complaint, ECF No. 1, and their Applications for Leave to Proceed *in forma pauperis* ("IFP"), ECF Nos. 5–9.[1] For the reasons explained below, this matter is dismissed without prejudice.

Plaintiffs Lauren Roosa, Samantha Brown Sanchez, Danielle Phillips, Esther Mbaya, Teresa Goodroad, Omni Wynne, and Tiffany Wood, are all inmates at FPC Alderson in West Virginia. Plaintiffs attempt to bring this matter as a class action on behalf of other similarly situated inmates against the Bureau of Prisons and the BOP's Director. Plaintiffs contend that the First Step Act's ("FSA's") "time credit assessment" is, in fact, a "bureaucratic made fiction converting credits into administrative placeholders" that causes "systematic miscalculation" of an inmate's actual release date. They demand that the Court certify the class and appoint them as representatives, and demand that the Court make substantive changes to the FSA's application.

---

[1] Plaintiffs' efforts to proceed IFP also possess fundamental defects. For example, Plaintiff Esther Mbaya has neither submitted an IFP Application nor paid the filing fee; Plaintiff Omni Wynne has filed only a partial and unsigned IFP Application, ECF No. 8, with no accompanying six-month statement, *see* 28 U.S.C. § 1915(a)(2); Plaintiff Lauren Roosa has filed only a partial and unsigned IFP Application, ECF No. 6, and her attached six month statement is not certified, *see* 28 U.S.C. § 1915(a)(2).

Plaintiffs may not file a class action, or otherwise bring claims on behalf of other plaintiffs, because a *pro se* litigant can represent only herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010) (holding that standing exists only to redress or otherwise to protect against injury to the complaining party and a plaintiff must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016) (same).

And insofar as the Plaintiffs raise individual claims for alleged calculation errors, such a claim must be addressed through individual petitions for writ habeas corpus under 28 U.S.C. § 2241, *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809–10 (D.C. Cir. 1988) (relying on *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973)), making their "immediate custodian" the only proper respondent in such an action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). To that same end, an action brought under § 2241 must filed in the district where the petitioner is currently incarcerated. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (finding that the district court "may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see also In re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("A habeas petition may be adjudicated only in the district in which [defendant's] immediate custodian, his warden, is

located."); *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Consequently, Plaintiffs must pursue their individual claims, if any, against their current warden in the U.S. District Court for the Southern District of West Virginia.

For all of these reasons, this case is dismissed without prejudice. Plaintiffs' IFP Applications, ECF Nos. 5–9, and Motions for Temporary Restraining Orders, ECF Nos. 2–3, putatively brought by "all putative class members" are all denied. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 20, 2026